1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7
8
9
10
11
12
13
14

ALFRED D. ASTI,

    *Petitioner*,

vs.

WILDBLOOD, *et al.,*

    *Respondents*.

3:13-cv-00437-RCJ-WGC

ORDER

15      Petitioner has submitted a habeas corpus petition pursuant to 28 U.S.C. § 2254.  He has not paid

16 the filing fee or submitted an application to proceed *in forma pauperis*.  The matter has not been

17 properly commenced because of the omission of the filing fee.

18      Moreover, the Court has reviewed the petition pursuant to Rule 4 of the Rules Governing

19 Section 2254 Cases and notes at leave three fatal flaws.  First, it does not appear that the petitioner is

20 in custody at this time.  A petition for habeas corpus pursuant to 28 U.S.C. § 2254 may only proceed

21 if the petitioner is "in custody" pursuant to a state judgment of conviction.  28 U.S.C. § 2254(a); *see*

22 *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S.Ct. 1923 (1989) (per curiam) (The "in custody"

23 requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus

24 petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition

25 is filed.").

26      Second, the petition is not verified by the petitioner himself.  Rather the verification bears the

27 signature of the individual identified as having written the petition, a Mary Ann Smith.  28 U.S.C. §

28 2242 requires the petitioner to sign and verify the petition.

1    Third, the petition appears to attack a civil contempt order and raises no viable claims that the

2    "conviction or sentence" violate federal law or the United States Constitution.[1]   It appears that petitioner

3    was held in contempt of court for failing to pay his ex-wife monies owed and that he served a total of

4    three days in jail on two contempt citations.  *See generally,* exhibits to petition.

5    As a result, the present action will be dismissed without prejudice.  Petitioner is reminded that

6    he must be in custody at the time he files his petition for it to be viable.  Any petition later filed by

7    petition must clearly demonstrate that he is, in fact, in custody or it will be dismissed with prejudice.

8    It does not appear from the papers presented that a dismissal without prejudice will materially

9    affect a later analysis of any timeliness issue with regard to a promptly filed new action.

10    IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the

11    filing of a new petition in a new action with the $5 filing fee or a properly completed pauper application.

12    IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason

13    would not find the Court's dismissal of this improperly commenced action without prejudice to be

14    debatable or incorrect.

15    The Clerk of Court shall enter final judgment accordingly in favor of respondents and against

16    petitioner, dismissing this action without prejudice.

17    DATED:  This 16th day of September, 2013.

18

19

20    _____
      UNITED STATES CHIEF DISTRICT JUDGE

21

22

23

24

25

26

27    _____

      [1] Petitioner does allege a First Amendment violation.  However, he provides no specific facts to

28    support the claim and refers to exhibits that are attached, such as his decree of divorce and other documents
      related to the action.